Bernard R. Mazaheri

Oregon Bar Number 196610

Mazaheri & Mazaheri

PO Box 656

Frankfort, Kentucky 40602

Email - Bernie@TheLaborFirm.com

Tel – (502) 475-8201

*Attorney for Plaintiff Amanda Wernli*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
### Portland Division

| | |
|---|---|
| **AMANDA WERNLI,** | **Case Number** 3:24-cv-462 |
| **Plaintiff,** | **COMPLAINT** |
| **v.** | **Title VII & ADA** |
| | **42 U.S.C. § 2000e-5(f)(3)** |
| **COMMUNITY COMPOUNDING PHARMACY, PC,** | **DEMAND FOR JURY TRIAL** |
| **Defendant.** | |

1.    The Plaintiff, Amanda Wernli, sues Defendant, Community Compounding Pharmacy, PC, pursuant to Title VII for sexual harassment and retaliation as well as retaliation in violation of the ADA.

2.    The Honorable Court has original jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3).

3.    Venue is appropriate in the Portland Division pursuant to LR

Page 1 – COMPLAINT & JURY DEMAND

3-2(a)(1), because Defendant conducts business in Clackamas County,

Oregon.

    4.      Plaintiff resides in Portland, Oregon.

    5.      Defendant employs over 15 employees.

    6.      Plaintiff is a female.

    7.      Plaintiff worked for Defendant.

    8.      Defendant was Plaintiff's employer.

    9.      Plaintiff worked for Defendant from September 2021 through

October 2022.

    10.    Plaintiff filed a charge of discrimination with the EEOC within

300 days of being harassed and retaliated against.

    11.    The EEOC issued a notice of right to sue.

    12.    Plaintiff sues Defendant within 90 days of receiving her notice

of right to sue.

    13.    Defendant is obligated to comply with Title VII.

    14.    Defendant is obligated to comply with the ADA.

    15.    Plaintiff is a female.

    16.    Plaintiff was Defendant's Human Resource Manager.

17.    Suzanne Rosenberg was Plaintiff's supervisor.

18.    Rosenberg is Defendant's President and Secretary.

19.    Plaintiff reported sexual harassment to Rosenberg.

20.    Plaintiff reported disability discrimination to Rosenberg.

21.    Rosenberg discharged Plaintiff.

22.    Rosenberg did not stop the sexual harassment.

23.    Rosenberg did not cease discriminating against disabled job applicants.

24.    Defendant retaliated against Plaintiff.

25.    Defendant took actions to discourage Plaintiff from reporting violations of civil rights.

26.    Defendant discharged Plaintiff in whole or in part because she engaged in protected activity.

27.    Defendant did not follow EEO policies.

**Count I – Sexual Harassment**

28.    Plaintiff reincorporates paragraphs 1 through 27 as if stated fully herein.

29.    Plaintiff was sexually harassed by three male coworkers.

30. On or about October through December 2021, Plaintiff was subjected to inappropriate sexual attention by one or more of Defendant's employees.

31. Plaintiff reported the inappropriate conduct to Rosenberg.

32. On or about April 2022, once again Plaintiff was subjected to unwelcome sexually charged conduct by Defendant, and again in July 2022.

33. The referenced conduct included inappropriate looks and specifically multiple male employees touching their private parts excessively in the presence of Plaintiff.

34. Defendant did not stop the conduct.

35. In fact, Rosenberg took the position that it is natural for men to touch themselves.

36. Plaintiff felt violated by having to witness males looking at her in a prurient manner and touching their genitals.

37. Plaintiff was trained in human resources and believed that such conduct was sexual harassment.

38. Plaintiff was adversely impacted by the harassment.

39.    The harassment was severe.

40.    The harassment was pervasive.

Wherefore, Plaintiff prays for trial by jury, judgment, back pay, compensatory damages, punitive damages, pre-judgment interest, attorney's fees, costs, post-judgment interest, and any other relief the Court deems appropriate and just.

**Count II – Title VII Retaliation**

41.    Plaintiff reincorporates paragraphs 1 through 40 as if fully stated herein.

42.    Plaintiff believed in good faith that Defendant had sexually harassed her.

43.    Defendant knew that Plaintiff had objected to conduct that could be considered sexual harassment.

44.    Defendant retaliated against Plaintiff by raising unfounded performance issues.

45.    Defendant raised performance issues against Plaintiff to discourage her from complaining about sexual harassment.

Wherefore, Plaintiff prays for trial by jury, judgment, back pay,

compensatory damages, punitive damages, pre-judgment interest,

attorney's fees, costs, post-judgment interest, and any other relief the

Court deems appropriate and just.

**Count III – ADA Retaliation**

46.     Plaintiff reincorporates paragraphs 1 through 27 as if stated

fully herein.

47.     In or about late August or early September Plaintiff observed

Defendant fail to hire a candidate due to that candidate's disability.

48.     Rosenberg did not want to hire a job applicant, because of the

candidate's disability.

49.     Plaintiff objected to disability discrimination multiple times in

September 2022.

50.     Rosenberg was upset with Plaintiff for raising disability

discrimination.

51.     Plaintiff engaged in protected activity under the ADA

Amendments Act.

52.     The job applicant was qualified for the position.

53.     The job applicant had a disability as defined by the ADA

Amendments Act.

54.     Defenant knew that the job applicant had a disability as defined by the ADA Amendments Act.

55.     Plaintiff believed in good faith that Defendant was violating the ADA Amendments Act.

56.     Plaintiff reported her concerns in good faith.

57.     Defendant discharged Plaintiff on or about October 14, 2022 for reporting disability discrimination in hiring practices.

Wherefore, Plaintiff prays for trial by jury, judgment, back pay, compensatory damages, punitive damages, pre-judgment interest, attorney's fees, costs, post-judgment interest, and any other relief the Court deems appropriate and just.

Respectfully submitted this 13th day of March 2024,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Oregon Bar Number 196610
Mazaheri & Mazaheri
PO Box 656
Frankfort, Kentucky 40602
Email - Bernie@TheLaborFirm.com
Tel – (502) 475-8201

*Attorney for Plaintiff*